**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**KATHRYN CAMBRON**                                                                                         **PLAINTIFF**

**V.**                                                            **NO: 3:04CV00233 JMM**

**USABLE LIFE INSURANCE COMPANY**                                                     **DEFENDANT**

**ORDER**

Pending is plaintiff's Motion for Partial Summary Judgment contending that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA") does not apply to her case and that she is entitled to a jury trial on all issues. For the reasons stated below, the Motion is denied.

Plaintiff brought this action in state court alleging that she had been denied disability benefits by defendant. Defendant removed the case to federal court on June 29, 2004 pursuant to 28 U.S.C. § 1441 contending that all of plaintiff's claims were preempted by ERISA.

On September 15, 2006 plaintiff filed a Motion for Partial Summary Judgment contending that her disability plan is a "church plan" exempt from the provisions of ERISA because her former employer, St. Bernard's Hospital, Inc. ("St. Bernard's"), is associated with, or controlled by the Catholic Church. In support of her motion, plaintiff filed organizational documents of St. Bernard's Inc. Plaintiff contends that these documents prove that her former employer, St. Bernard's is controlled by the Catholic Church.

Defendant contends that plaintiff has failed to carry her burden of establishing that her disability plan is a "church plan" as discussed by the Court of Appeals for the Eighth Circuit in *Chronister v. Baptist Health*, 442 F.3d 648 (8th Cir. 2006).

1

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Plaintiff as the moving party as the burden to show that the record does not disclose a genuine dispute on a material fact. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir.1995).[1]

This Court of Appeals for the Eighth Circuit recently held in *Chronister v. Baptist Health*, 442 F.3d 648 (8th Cir. 2006) that the Baptist Health Employee Benefit Plan was not a "church plan" under ERISA because Baptist Health Medical Center ("Baptist Health") was not a charitable organization pursuant to 26 U.S.C. § 501(c)(3). The Court found that Baptist Health was not"controlled by or associated with" the Baptist church as it did not share common religious bonds and convictions. Specifically the Court noted that (1) the Baptist Convention played no role in the governance of Baptist Health and did not appoint or approve any of its board members; (2) there was no evidence of financial support from the Baptist Convention; (3) the hospital's denominational requirement was limited to Baptist Health Management; and (c) Baptist Health treated patients of all faiths and religions. *Id.*

The record before the Court is that effective in 2000, St. Bernard's was controlled by St. Bernard's Healthcare, an Arkansas non-profit corporation. Based upon the test set forth in *Chronister*, plaintiff has failed to carry her burden of producing sufficient evidence which would

---

[1] Because plaintiff brought this motion as one for summary judgment as opposed to one for remand, plaintiff carries the burden of proof on this issue.

allow a finder of fact to reasonably conclude that St. Bernard's is controlled by the Catholic church.

Plaintiff's Motion for Partial Summary Judgment is denied (#13).

IT IS SO ORDERED THIS  10   day of May, 2007.


_____
James M. Moody
United States District Judge